UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TEKEIA EZELL,

       Plaintiff,                                                Hon. Robert J. Jonker

v.                                                            Case No. 1:13-CV-174

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

**REPORT AND RECOMMENDATION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record, and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, the undersigned recommends that the Commissioner's decision be **reversed and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.

## **STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 29 years of age on her alleged disability onset date. (Tr. 140). Plaintiff successfully completed high school, as well as two years of college, and worked previously as a food service worker, telephone solicitor, home attendant, and production worker. (Tr. 40, 271).

Plaintiff applied for benefits on August 12, 2009, alleging that she had been disabled since July 8, 2008, due to obesity. (140-46, 187). Plaintiff's applications were denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (Tr. 63-139). On August 16, 2011, Plaintiff appeared before ALJ Kathleen Eiler, with testimony being offered by Plaintiff and vocational expert, Donald Hecker. (Tr. 48-62). In a written decision dated September 21, 2011, the ALJ determined that Plaintiff was not disabled. (Tr. 34-42). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (Tr. 1-6). Plaintiff subsequently initiated this appeal pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

Plaintiff's insured status expired on September 30, 2008. (Tr. 36). Accordingly, to be eligible for Disability Insurance Benefits under Title II of the Social Security Act, Plaintiff must establish that she became disabled prior to the expiration of her insured status. *See* 42 U.S.C. § 423; *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).

## RELEVANT MEDICAL EVIDENCE

On October 1, 2009, Plaintiff participated in a consultive examination conducted by Dr. Samer Elfallal. (Tr. 270-72). Plaintiff reported that she was disabled due to her obesity. (Tr. 270). Plaintiff reported that "two years ago she weighed up to 360-370 pounds but now is 314 pounds." (Tr. 270). Plaintiff attributed her recent weight loss to "her attempting to control her diet." (Tr. 270). Plaintiff also reported that "she does not have a history of hypertension or thyroid problems...and no history of diabetes." (Tr. 270). A physical examination revealed the following:

> Extremities and Musculoskeletal: There are no obvious bony deformities. Peripheral pulses are easily palpable and symmetrical. There is no edema. There is no evidence of varicose veins. There is no tenderness, erythema, or effusion or any joint. Range of motion of all joints checked was full. The hands have full grip and digital dexterity. The patient did not exhibit any difficulty getting on and off the table. Heel-and-toe walking and squatting are normal with the examiner's assistance for balance. Straight leg raise test was negative and no paravertebral muscle spasms were present.
>
> Neuro: Cranial nerves II-XII are grossly intact Strength is 5/5 in all extremities. Reflexes are 3/4 throughout. No sensory deficits are appreciated on examination. No atrophy or fasciculations are noted.

(Tr. 271-72).

Dr. Elfallal concluded that Plaintiff was experiencing "morbid obesity," but noted that Plaintiff "has not attempted any medication regimen for management of her weight pattern." (Tr. 272). X-rays of Plaintiff's right and left knees were both "negative." (Tr. 273).

On February 25, 2010, Plaintiff participated in a stress echocardiogram examination the results of which were "negative for chest pain and negative for electrocardiographic evidence for ischemia." (Tr. 285-87). Plaintiff exhibited "normal heart rate and blood pressure response to exercise" and "there were no significant arrhythmias." (Tr. 287). On February 26, 2010, Plaintiff

participated in a spirometry examination[1] the results of which were "normal." (Tr. 318-20).
Treatment notes dated March 5, 2010, indicate that Plaintiff's shortness of breath improved after using Albuterol. (Tr. 339-41). Treatment notes dated June 16, 2010, indicate that Plaintiff's shortness of breath improved with medication. (Tr. 383).

On July 8, 2010, Plaintiff participated in a pulmonary function evaluation, the results of which revealed "minimal obstruction." (Tr. 293, 299-301). The examination further revealed that Plaintiff's "response to bronchodilators indicates a reversible component." (Tr. 301). Treatment notes, dated September 13, 2010, indicate that Plaintiff experienced improvement of her asthma after using medication. (Tr. 324).

On November 30, 2010, Dr. Richard Lovy completed a questionnaire regarding Plaintiff's physical abilities. (Tr. 306-07). The doctor reported that in a workplace environment Plaintiff can "never" lift any amount of weight, bend, squat, crawl, kneel, climb stairs, or engage in pushing/pulling activities. (Tr. 306). Dr. Lovy reported that Plaintiff would require a sit-stand option. (Tr. 306). The doctor also reported that Plaintiff experienced "serious limitations as to pace and concentration" and "would likely miss 3 days or more of work. . .per month" due to her impairments. (Tr. 306).

---

[1] Spriometry testing, which measures "how much air you can inhale and exhale," is used to diagnose asthma, chronic obstructive pulmonary disease (COPD), and certain other conditions that affect breathing. *See* Spirometry, available at http://www.mayoclinic.org/tests-procedures/spirometry/basics/definition/prc-20012673 (last visited on January 9, 2014).

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[2] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*,

---

[2]1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. 404.1520(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. 404.1520(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. 404.1520(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. 404.1520(f)).

127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffered from migraine headaches, sleep apnea, asthma, and morbid obesity, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Tr. 36-37). With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the capacity to perform sedentary work[3] subject to the following limitations: (1) she can frequently balance and stoop; (2) she can occasionally kneel, crouch, crawl, and climb; (3) she should avoid concentrated exposure to pulmonary irritants such as dusts and fumes; and (4) she should avoid concentrated exposure to workplace hazards such as moving machinery and unprotected heights. (Tr. 37-38).

The ALJ determined that Plaintiff could not perform her past relevant work, at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, her limitations notwithstanding. *See Richardson*, 735 F.2d at 964. While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly,

---

[3] Sedentary work involves lifting "no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. § 404.1567. Furthermore, while sedentary work "is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id.*

ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, his limitations notwithstanding. Such was the case here, as the ALJ questioned vocational expert Donald Hecker.

The vocational expert testified that there existed approximately 16,000 jobs in the state of Michigan which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (Tr. 57-59). This represents a significant number of jobs. *See Born v. Sec'y of Health and Human Services*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *Martin v. Commissioner of Social Security*, 170 Fed. Appx. 369, 374 (6th Cir., Mar. 1, 2006). The ALJ concluded, therefore, that Plaintiff was not entitled to disability benefits.

**I.        The ALJ Failed to Properly Evaluate the Medical Evidence**

As noted above, Dr. Lovy, Plaintiff's treating physician, offered his opinion regarding Plaintiff's physical limitations. Specifically, the doctor reported that in a workplace environment Plaintiff can "never" lift any amount of weight, bend, squat, crawl, kneel, climb stairs, or engage in pushing/pulling activities. The doctor also reported that Plaintiff would require a sit-stand option. Finally, the doctor reported that Plaintiff experienced "serious limitations as to pace and concentration" and "would likely miss 3 days or more of work. . .per month" due to her impairments. The ALJ afforded "little weight" to Dr. Lovy's opinion. Plaintiff asserts that she is entitled to relief because the ALJ failed to provide sufficient reasons for discounting Dr. Lovy's opinions.

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and his maladies generally possess significant insight into his medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give

controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375-76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527).

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)). The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)); *Cutlip v. Sec'y of Health and Human Services*, 25 F.3d 284, 286-87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Id.* (quoting *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004)). Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with

9

other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment. *Gayheart*, 710 F.3d at 376-77.

If the ALJ affords less than controlling weight to a treating physician's opinion, the ALJ must still determine the weight to be afforded such. *Id.* at 376. In doing so, the ALJ must consider the following factors: (1) length of the treatment relationship and frequency of the examination, (2) nature and extent of the treatment relationship, (3) supportability of the opinion, (4) consistency of the opinion with the record as a whole, (5) the specialization of the treating source, and (6) other relevant factors. *Id.* (citing 20 C.F.R. § 404.1527). While the ALJ is not required to explicitly discuss each of these factors, the record must nevertheless reflect that the ALJ considered those factors relevant to her assessment. *See, e.g., Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007); *Undheim v. Barnhart*, 214 Fed. Appx. 448, 450 (5th Cir., Jan. 19, 2007).

In discounting Dr. Lovy's opinions, the ALJ simply stated that "the record evidence in general and Dr. Lovy's treatment records in particular do not support the [doctor's] extreme limitations." (Tr. 40). This conclusory statement is the only examination or analysis the ALJ articulated concerning the substance of Dr. Lovy's opinions. As the Sixth Circuit has made clear, when an ALJ chooses to accord less than controlling weight to the opinion of a treating physician, he must adequately articulate his rationale for doing so. *See Wilson*, 378 F.3d at 544-47. As the *Wilson* court held:

> If the opinion of a treating source is not accorded controlling weight, an ALJ must apply certain factors - namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source - in determining what weight to give the opinion.

10

> Importantly for this case, the regulation also contains a clear procedural requirement: "We will always give good reasons in our notice of determination or decision for the weight we give [the claimant's] treating source's opinion." A Social Security Ruling explains that, pursuant to this provision, a decision denying benefits "must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight."

*Id.* at 544 (internal citations omitted).

As the *Wilson* court further held, failure to comply with this requirement is not subject to harmless error analysis. *Id.* at 546-47. As the court expressly stated:

> A court cannot excuse the denial of a mandatory procedural protection simply because, as the Commissioner urges, there is sufficient evidence in the record for the ALJ to discount the treating source's opinion and, thus, a different outcome on remand is unlikely. . .To hold otherwise, and to recognize substantial evidence as a defense to non-compliance with § 1527(d)(2), would afford the Commissioner the ability [to] violate the regulation with impunity and render the protections promised therein illusory.

*Id.* at 546 (internal citations omitted).

The ALJ has failed to provide *specific* reasons for her assessment of the doctor's opinions, but instead merely offers the conclusion that the doctor's opinion is not supported by the record. Because the ALJ failed to articulate any specific rationale or, more importantly, identify any specific items in the record to support her conclusion, the Court simply cannot assess whether the ALJ's determination in this regard is supported by substantial evidence. In her brief, Defendant undertakes a detailed discussion of *specific* items in the medical record and how such undermine Dr. Lovy's opinion and support the ALJ's conclusion. Defendant's effort, however, simply underscores the shortcomings in the ALJ's decision. The Court cannot find that the ALJ's conclusion is legally

11

sufficient based upon after-the-fact rationalizations articulated by Defendant. Instead, as *Wilson* makes clear, the task of articulating the rationale for discounting a treating physician's opinion rests with the ALJ. In light of the fact that Dr. Lovy's opinion is inconsistent with the ALJ's RFC determination, the ALJ's failure is not harmless. The ALJ's failure clearly violates the principle articulated in *Wilson* and renders her decision invalid.

While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if proof of her disability is "compelling." *Faucher v. Secretary of Health and Human Serv's*, 17 F.3d 171, 176 (6th Cir. 1994) (the court can reverse the Commissioner's decision and award benefits if all essential factual issues have been resolved and proof of disability is compelling). While the ALJ's decision is not supported by substantial evidence, there does not exist *compelling* evidence that Plaintiff is disabled. Evaluation of Plaintiff's claim requires the resolution of factual disputes which this Court is neither authorized nor competent to undertake in the first instance. The undersigned recommends, therefore, that the Commissioner's be reversed and this matter remanded for further factual findings.

## **CONCLUSION**

For the reasons articulated herein, the undersigned concludes that the ALJ's decision is not supported by substantial evidence. Accordingly, it is recommended that the Commissioner's decision be **reversed and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C).

Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: January 24, 2014                              /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge