UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TEKEIA EZELL,

    Plaintiff,                                                              Hon. Robert J. Jonker

v.                                                                         Case No. 1:13-CV-174

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Attorneys Fees Pursuant to the Equal Access to Justice Act. (Dkt. #19-20). Plaintiff's counsel seeks $4,270.00 in fees and costs, as detailed in his application. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the motion be **granted in part and denied in part**.

Pursuant to the Equal Access to Justice Act (EAJA), the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs incurred in bringing the action. *See* 28 U.S.C. § 2412(d)(1)(A). While a prevailing party is not simply entitled, as a matter of course, to attorney fees under the EAJA, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless the Court finds that the Commissioner's position was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Damron v. Commissioner of Social Security*, 104 F.3d 853, 855 (6th Cir. 1997).

The burden rests with the Commissioner to establish that his position was substantially justified, *see Secretary, United States Department of Labor v. Jackson County Hospital*, 2000 WL 658843 at *3 (6th Cir., May 10, 2000), defined as "justified, both in fact and in law, to a degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). However, the fact that the Commissioner's decision is found to be supported by less than substantial evidence "does not mean that it was not substantially justified." *Bates v. Callahan*, 1997 WL 588831 at *1 (6th Cir., Sept. 22, 1997); *see also*, *Couch v. Sec'y of Health and Human Services*, 749 F.2d 359, 359 (6th Cir. 1984).

Plaintiff initiated the present action on February 15, 2013. On January 24, 2014, the undersigned recommended that the Commissioner's decision be reversed and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g). This recommendation was subsequently adopted by the Honorable Robert J. Jonker. Plaintiff's counsel now moves the Court for an award of attorney's fees pursuant to the EAJA. In his application, counsel seeks an award of $4,270.00 (24.4 hours multiplied by an hourly rate of $175). Defendant has not opposed counsel's motion. While the number of hours expended in this matter is not unreasonable, the hourly rate claimed by counsel is inappropriate.

The relevant statute provides that "fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). As courts recognize, the EAJA's statutory hourly rate "is a ceiling and not a floor." *Begley v. Secretary of Health and Human Services*, 966 F.2d 196, 199 (6th Cir. 1992); *see also*, *Mathews-Sheets v. Astrue*, 653 F.3d 560, 563 (7th Cir. 2011) ("[t]he $125 rate is a presumptive ceiling").

Counsel bears the burden of "producing appropriate evidence to support the requested increase." *Bryant v. Commissioner of Social Security*, 578 F.3d 443, 450 (6th Cir. 2009). Counsel does not satisfy his burden by submitting simply his own affidavit or "the Department of Labor's Consumer Price Index, arguing that the rate of inflation supported an increase in fees." *Id.* Counsel's efforts must, instead, be more narrowly and specifically targeted. Because the EAJA does not "create an entitlement to an inflation adjustment," counsel must demonstrate that "inflation has increased the cost of providing adequate legal service to a person seeking relief against the government." *Mathews-Sheets*, 653 F.3d at 563. Because "[i]nflation affects different markets, and different costs in the same market, in different ways," a request for an "inflation adjustment must. . .be justified by reference to the particular circumstances of the lawyer seeking the increase." *Id.* at 563-64.

In support of his request for compensation in excess of the statutory maximum, counsel simply relies on increases in the Consumer Price Index. While the Court does not question that inflation, in general, has increased, this evidence does not establish that "inflation has increased the cost of providing adequate legal service to a person seeking relief against the government." Counsel has also submitted a copy of a 2010 Economics of Law Practice report. This report fails to advance counsel's position as it simply does not speak to counsel's particular circumstances or social security practitioners generally. The Court, therefore, concludes that payment for counsels' services be based upon an hourly rate of $125. Accordingly, the undersigned recommends that EAJA fees be awarded in the amount of $3,050.00 ($125 multiplied by 24.4 hours). However, in light of the Supreme Court's decision in *Astrue v. Ratliff*, 560 U.S. 586 (2010), the Court further orders that this amount be paid to Plaintiff not her attorney.

In *Astrue*, a Social Security claimant prevailed on her claim for benefits after which her attorney moved for an award of fees under the EAJA. *Id.* at 588-89. The fee request was granted, but before the award was paid the United States discovered that the claimant "owed the Government a debt that predated the District Court's approval of the award." *Id.* at 589. The United States, therefore, sought an administrative offset (expressly permitted by statute) against the fees award to satisfy part of the claimant's debt. *Id.* The claimant's attorney subsequently intervened in the matter opposing the Government's position. *Id.* at 590. The district court found that counsel lacked standing to challenge the offset. The Eighth Circuit reversed, concluding that the fee award was payable to the claimant's attorney. *Id.* The Supreme Court agreed to review the case to resolve a circuit split on the question. *Id.* at 590-91.

The Supreme Court, based on a straightforward interpretation of the relevant statutory text, concluded that the EAJA "awards the fees to the litigant, and thus subjects them to a federal administrative offset if the litigant has outstanding federal debts." *Id.* at 591-95. The Court concluded that the "Government's history of paying EAJA awards directly to attorneys in certain cases does not compel a different conclusion." *Id.* at 597. As the Court observed, the Government "most often paid EAJA fees directly to attorneys in cases in which the prevailing party had assigned its rights in the fees award to the attorney" and "has since continued the direct payment [to attorneys] only in cases where the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney." *Id.*

Several courts have subsequently concluded that while *Astrue* makes clear that an award of EAJA fees is payable to the claimant (i.e., it is the claimant's property), nothing in the *Astrue* decision prevents or renders invalid an otherwise appropriate assignment of EAJA fees by a claimant to his

attorney. *See, e.g., Mathews-Sheets v. Astrue*, 653 F.3d 560 (7th Cir., Aug. 5, 2011); *Cowart v. Commissioner of Social Security*, 795 F.Supp. 2d 667 (E.D. Mich., June 13, 2011). While the Court does not necessarily disagree with this particular conclusion, such does not justify payment of an EAJA award directly to counsel.

Counsel has submitted a copy of a fee agreement in which Plaintiff agrees that any EAJA fees be assigned "to my attorney." (Dkt. #3). While the Court does not question the authenticity of this document, the fact remains that this Court has not been called upon to adjudicate or render a decision concerning Plaintiff's contractual obligations to her attorney. Awarding payment directly to counsel would, in effect, constitute a determination regarding Plaintiff's contractual obligation to her attorney despite the fact that this particular issue is not properly before the Court. To so act could adversely impact the rights of individuals and/or entities not presently before the Court. Simply stated, the Supreme Court has held that payment of EAJA fees must be made to the party, not her attorney, and the Court declines to disregard such clear and controlling direction.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Plaintiff's Motion for Attorneys Fees Pursuant to the Equal Access to Justice Act</u>, (dkt. #19-20), be **granted in part and denied in part**. Specifically, the undersigned recommends that Plaintiff be awarded three-thousand, fifty dollars and zero cents ($3,050.00) in fees and that such be paid directly to Plaintiff.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                    Respectfully submitted,

Date: August 7, 2014                /s/ Ellen S. Carmody
                                        ELLEN S. CARMODY
                                        United States Magistrate Judge